

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. R. McNamee
Director, Rate Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2983A
Re: Whether certain carriers
may transport any article to
charitable institutions free
of charge.

On December 18, 1940 we received the following inquiry from you as follows:

"* * *.

"'Will you kindly advise us regarding articles 4005 and 4006 of the Texas revised statutes relative to the Anti Pass Law. It has come to our attention that these articles allow the transfer of merchandise for charitable institutions at less than published tariff rates.

"'Information regarding the above articles will be appreciated.'

"* * *."

In our opinion No. O-2983, we replied as follows:

"* * *.

"In answer to question No. 1, you are advised that Article 4005 prohibits the carriage of property free of charge by steam or electric railway companies, or other transportation companies, interurban railway companies, sleeping car companies, telegraph companies, telephone companies, or persons operating the same. Article 4006 provides certain exceptions to Article 4005, but we do not find anything therein which permits the transporta-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. R. McNamee, page 2

tion of property by those companies free of charge for charitable institutions. We are, therefore, of the opinion that neither railroad companies nor motor carriers are permitted to carry property free of charge for charitable institutions. Your question No. 1 is, therefore, answered in the negative.

"* * * ."

Article 4005, Revised Civil Statutes, Title 66, reads as follows:

"Art. 4005. FREE PASSES PROHIBITED. - No steam or electric railway company, street railway company, interurban railway company or other chartered transportation company express company, sleeping car company, telegraph company, telephone company or person or association of persons operating the same, nor any receiver or lessee thereof, nor any officer, agent or employee or receiver of any such company in this State shall knowingly haul or carry any property free of charge or give or grant to any person, firm or association of persons a free pass, frank, privilage or substitute for pay or a suberfuge which is used or which is given to be used instead of the regular fare or rate of transportation or any authority or permit whatsoever to travel or to pass or convey or transport any person or property free, nor sell any transportation for anything except money, or for any greater or less rate than is charged all persons under the same conditions, over any railway or transportation lines or part of line in this State; or shall knowingly permit any person to transmit any message free in this State; or shall give any frank or right or privilege to transmit any message free in this State or property free of charge or for greater or less fare or rate than is charged other persons in this State for similar service, except as hereinafter provided in this title."

Our attention has recently been called to Article 4009, Revised Civil Statutes, Title 66, which reads as follows:

"Art. 4009. FREE TRANSPORTATION. - Nothing in this title shall be construed to prohibit any express

Honorable C.R. McNamee, page 3

company from hauling or carrying free of charge any package or property of its actual bona fide officers, attorneys, agents and employees while in the service of such express company, nor to prevent any article being sent free to any orphan home or other charitable institution, nor to prohibit any telegraph or telephone company from transmitting free of charge any message of its bona fide officers, attorneys, agents or employees and their families while in the actual employment of such company or its receiver or lessee; provided the actual bona fide officers and employees upon annual salaries of railway telephone companies and telegraph companies are hereby permitted to exchange frank priviliges and free transportation over their respective lines of railway and telegraph or telephone."   (Underscoring ours)

It is not entirely clear from reading Article 4009, supra, whether only express companies may transport articles free of charge to charitable institutions or whether these articles may be transported free of charge to charitable institutions by all of the transportation companies as enumerated in Article 4005, supra.

In this connection we quote from H.B. No. 196, Acts 37th Leg., Regular Session, Ch. 99, p. 191 as follows:

"Sec. 2.   That the provisions of Section 1 of this Act (Art. 1532), shall not be held to prohibit any steam or electric interurban railway, telegraph company, or chartered transportation company, or sleeping car company, or the receivers or lessees thereof, or persons operating the same, or the officers, agents or employees thereof, from granting free or exchanging free passes, * * * .

" * * *, nor shall anything in this Act prevent any such companies, their receivers or lessees from transporting free of charge any article being sent to any orphan home or other charitable institution; * * * ."

It appears that all transportation companies could transport articles free of charge to charitable institutions as far back as 1907 when this matter was first regulated by the Legislature.  See S.B. No. 6, Acts 30th Leg., Regular

Honorable C.R. McNamee, page 4

Session, Ch. 42, p. 93 as amended by H.B. No. 166, 32nd Leg., Regular Session, Ch. 63, p. 151 as later amended by H.B. 196, supra.

The effect of the above quoted Acts is to allow all transportation companies as enumerated therein to transport articles free of charge to charitable institutions. It appears from Article 4009, supra, that the language contained in H.B. No. 196, above quoted, was slightly changed and re-arranged when the Civil Statutes were revised in 1925. It seems to us that Article 4009, supra, is clearly susceptible of permitting any transportation company, as enumerated in Title 66, to carry goods free of charge to a charitable institution. This department has held that motor busses and motor carriers are subject to the provisions of Title 66 of the Revised Civil Statutes, same being Articles 4005 to 4015 inclusive. Opinions No. 0-445 and 0-2983.

Since the legislative history clearly shows that the Legislature has always allowed transportation companies to carry goods to charitable institutions free of charge and since Article 4009, supra, is clearly susceptible to such construction, we conclude that all transportation companies as enumerated in Title 66 of the Revised Statutes, as well as motor carriers, may transport goods free of charge to any orphan home or other charitable institution.

Opinion No. 0-2983 is overruled only insofar as it conflicts with this opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Lee Shoptaw*

Lee Shoptaw
Assistant

LS:ob

APPROVED JUN 17, 1941

*Glenn R. Lewis*

*acting* ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN